IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN MARTIN OWEN,

    Plaintiff,                                             CIV. NO. S-06-2529 LKK GGH PS

    vs.

UNITED STATES OF AMERICA,

    Defendant.                                     FINDINGS AND RECOMMENDATIONS

_____/

        Presently pending before the court is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), filed December 4, 2006.[1] Plaintiff has not filed an opposition. After carefully reviewing the record, the court recommends granting the motion to dismiss.

BACKGROUND

        Plaintiff filed the instant complaint in the Superior Court of California for the County of Sacramento, Small Claims Division, on October 10, 2006. Defendant removed the action to this court on November 13, 2006, based on exclusive federal jurisdiction for tort actions against the United States. The complaint is a form complaint, and plaintiff states that defendant owes him $2,500 because "Mcgregor scott has failed to uphold duties as U.S. attorney in sacramento said in oath of office to serve and protect steven martin owen against unwarranted search and seizure by allowing a electronic device implant in ear to remain for 8 years causing

---

[1] This matter was originally calendared for hearing on January 11, 2007, but was vacated after it was determined that oral argument was unnecessary.

mr. owen ill health." The complaint contains no other information.

LEGAL STANDARD FOR MOTION TO DISMISS

Defendant brings its motion under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction due to failure to exhaust administrative remedies.

Federal district courts are courts of limited jurisdiction. U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Since federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

On a Rule12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979). Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. See, e.g., Crisp v. U.S., 966 F. Supp. 970, 971-72 (E.D. Cal. 1997).

First, if the motion attacks the complaint on its face, often referred to as a "facial attack," the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." Doe v. Schachter, 804 F. Supp. 53, 56 (N.D.Cal. 1992). Presuming its factual allegations to be true, the complaint must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of

1  different states.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint

2  must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or

3  controversy" within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute.

4  Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

5        Second, if the motion makes a "factual attack" on subject matter jurisdiction,

6  often referred to as a "speaking motion," the court does not presume the factual allegations of the

7  complaint to be true.  Thornhill, 594 F.2d at 733.  In a factual attack, defendant challenges the

8  truth of the jurisdictional facts underlying the complaint.  "Faced with a factual attack on subject

9  matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No

10 presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material

11 facts will not preclude the trial court from evaluating for itself the merits of jurisdictional

12 claims."  Id. (quotations and citation omitted).  The court may hear evidence such as declarations

13 or testimony to resolve factual disputes.  Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th

14 Cir. 1988).[2]

15       Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

16 Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972).  Unless it is clear that no

17 amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend

18 the complaint before dismissal.  See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en

19 banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

20 ANALYSIS

21       Local Rule 78-230(m) provides in part:  "Failure of the responding party to file

22 written opposition or to file a statement of no opposition may be deemed a waiver of any

---

[2]  If the jurisdictional issue is intertwined with the merits of the case, the trial court cannot determine the jurisdictional issue until such facts are appropriately resolved.  See Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir.1987); see also Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987) (summary judgment standard applied if motion determines facts where jurisdictional issue and merits are intertwined).

opposition to the granting of the motion . . . ."

Plaintiff's failure to oppose should be deemed a waiver of opposition to the granting of the motion. In the alternative, the court has reviewed the motion and finds that it has merit.

Defendant's motion is based on failure to exhaust administrative remedies. The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States for actions in tort. The FTCA also provides that before an individual can file an action against the United States in district court, he must seek an administrative resolution of the claim. 28 U.S.C. § 2675(a) provides, in relevant part,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

According to defendant, plaintiff has never filed an administrative tort claim. (Bodolay Decl., Motion to Dismiss, filed December 4, 2006, ¶ 3). Because plaintiff did not file an administrative tort claim against the Department of Justice, his tort claim should be dismissed.[3]

CONCLUSION

Good cause appearing, IT IS RECOMMENDED that defendant's motion to dismiss, filed December 4, 2006, be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten

---

[3] Moreover, the district court lacks jurisdiction because the claim is palpably frivolous. See Bell v. Hood, 327 U.S. 678, 682-83, 66 S. Ct. 773 (1946). While the current United States Attorney is well known in this district, his abilities with implanting microchip devices are not. To the extent that plaintiff intended to state a Bivens claim against McGregor Scott, he has failed to allege supportable facts with his fanciful conclusion which would pass jurisdictional muster.

1  (10) days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4  shall be served and filed within ten (10) days after service of the objections.  The parties are
5  advised that failure to file objections within the specified time may waive the right to appeal the
6  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 4/9/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076:Owen2529.fr.wpd